ON MOTION FOR REHEARING

PER CURIAM.
We vacate our opinion and substitute the following in its place.
Appellant appeals from an affirmance by the Unemployment Appeals Commission of a referee’s order dismissing because of untimeliness her appeal of a determination that no benefits were due on her claim. We hold that appellant filed a timely appeal and reverse.
Appellant filed a claim for benefits on November 11,1991. On December 23,1991, the division mailed a determination of benefits finding appellant ineligible. The form provided:
Section IV. — Appeal Rights. A request for reconsideration or an appeal may be filed within 20 calendar days from the mailing date of this notice. This request may be filed in person or by letter to this office, and must explain the basis of the protest.
*791 In compliance -with, this directive, appellant responded by letter dated December 29, 1991, which stated: “I am requesting a reconsideration of the determination that benefits are not payable to me.... ” She then detailed the reasons she believed the determination was in error, including claims of misrepresentation by the employer. These allegations would require evidentiary proof. It appears that the division must have cursorily reviewed this letter, because the agency’s records reflect that appellant’s letter was marked “not changed” on December 31,1991. A second form was then sent to appellant which form was identical to the first form, except the word “redetermination” was typed at the top, and a line was added in the section marked “Determination/Redetermi-nation” which stated that “The determination dated 12/23/91 for issue code 08 has not been changed.” Nowhere is it defined in the form what “issue code 08” refers to. The form was mailed on January 2, 1992. Appellant thought that this second form was simply a duplicate of the first form and didn’t realize the division considered this a final determination. Several weeks later when she received no further communication from the division, she went to the unemployment office. An employee there told her that she should have replied to the second notice. The employee helped her fill out a notice of appeal. However, upon consideration of the timeliness of the appeal, the referee dismissed it because the form notice of appeal was not filed within 20 days of the second “redetermination” notice.
The form sent to appellant with the first denial of benefits informed her that she may request “reconsideration or appeal” within 20 days, but the record does not reveal the difference between the two. In fact, an “appeal” from a denial of benefits is actually a request for an evidentiary hearing, notably the first and only such hearing permitted in the process. Thus, the word is being used in a way which is not the common understanding of the term.
Section 443.151(3)(c)1, Florida Statutes (1991) provides for “redeterminations” and states:
The division may reconsider a determination whenever it finds that an error has occurred in connection therewith or whenever new evidence or information pertinent to such determination has been discovered subsequent to a previous determination or redetermination.
The use of the word “reconsider” in this statute is the only use of the word which we have been able to find either in the statute or in the administrative regulations. Therefore, we must assume that the use of the term “reconsideration” on the form sent to appellant refers to a request to the department to reconsider its determination under this subsection of the statute. However, while the statute permits a reconsideration of a determination to be filed at any time within one year from the end of the last compensable week of the claim, see section 443.151(3)(e)1, the form sent to appellant set the time for filing a request for reconsideration at 20 days, which happens to be the time for filing an appeal. See § 443.151(3)(a), Fla.Stat.
In reviewing the administrative regulations we also find that “appeal” is defined in Rule 38E-5.003(1): “Any legible written notice filed in accordance with these rules which expresses disagreement with or otherwise indicates a desire to appeal a determination or redetermination shall constitute an appeal (emphasis supplied) Given this broad definition of “appeal,” appellant’s letter of December 29, 1991, qualified as a notice of appeal because it expressed disagreement with the determination. That being the case, an appeals referee was required to set the matter for hearing. Section 443.151(4)(b)2, Fla.Stat. The division erred in treating appellant’s letter as a request to reconsider under section 443.151(3)(c)1, rather than an appeal. The “redetermination” of January 2, 1992, is simply a nullity, as it is not in conformance with the statute or rule. Since her notice of appeal was clearly timely from the rendition of the determination of December 23, 1991, the appeals referee erred in dismissing this cause for lack of timeliness.
Finally, the Division of Unemployment Compensation should review and revise its forms, because they are wrong and confusing. For a system which the legislature *792 established to improve the general welfare of its citizens, the complexity of the process and the attendant bureaucracy which administers it appear bent on thwarting that goal.
We reverse and remand for further proceedings.
ANSTEAD, GUNTHER and WARNER, JJ., concur.